UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANCY A. SANGIUOLO,

                          Plaintiff,

                -against-

WDF INC.; THOMAS LICCIONE,

                        Defendants.

7:21-CV-4011 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Plaintiff, who appears pro se, asserts claims under Title VII of the Civil Rights Act of 1964. She sues her former employer, WDF, Inc. ("WDF"), and its Safety Director, Thomas Liccione. The Court also construes Plaintiff's complaint as asserting claims under the New York State Human Rights Law.

    By order dated June 11, 2021, the court granted Plaintiff's request to proceed in forma pauperis ("IFP"). The Court directs service on WDF and Liccione.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on WDF and Liccione until the Court reviewed the complaint and ordered that summonses be issued for WDF and Liccione. The Court therefore extends the time

to serve WDF and Liccione with the complaint until 90 days after the date that summonses are issued for WDF and Liccione. If the complaint is not served on WDF and Liccione within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on WDF and Liccione through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for WDF and Liccione. The Clerk of Court is further instructed to issue summonses for WDF and Liccione and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the complaint on WDF and Liccione.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue a summonses for WDF, Inc., and Liccione, (2) complete USM-285 forms with the service addresses for WDF, Inc., and Liccione,

and (3) deliver all documents necessary to effect service of summonses and the complaint on WDF, Inc., and Liccione to the U.S. Marshals Service.

SO ORDERED.

Dated: June 21, 2021
        White Plains, New York

                                              KENNETH M. KARAS
                                          United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. WDF, Inc.
   30 North MacQuesten Parkway
   Mount Vernon, New York 10550

2. Thomas Liccione
   Safety Director
   WDF, Inc.
   30 North MacQuesten Parkway
   Mount Vernon, New York 10550